5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Douglas J. ILARDO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 92-3415.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1993.
Rehearing Denied Sept. 23, 1993.
 
 Before ARCHER, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Douglas J. Ilardo petitions for review of the April 1, 1992 decision of the Administrative Judge (AJ), Docket No. AT-0752-92-0364-I-1, dismissing his appeal for lack of jurisdiction. The AJ's decision became the final decision of the Merit Systems Protection Board on May 6, 1992. We affirm.
 
 DISCUSSION
 
 2
 On March 7, 1991, the agency proposed Mr. Ilardo's removal from his position as a distribution clerk with the United States Postal Service because of sexual harassment. On April 2, 1991, the parties entered into a last chance agreement which provided that Mr. Ilardo would serve a two-year probationary period during which he would provide the agency with monthly medical documentation that "he is able to perform his duties with no restrictions and will not be a threat to the safety of his coworkers or himself." Mr. Ilardo also agreed "to conduct himself in a professional manner and refrain from any behavior that may be construed as sexual harassment or abusive in nature." Additionally, the last-chance agreement stated that Mr. Ilardo "waives further appeals of this action or any further action caused by a violation of any of the above terms."
 
 
 3
 Effective September 6, 1991, the agency removed Mr. Ilardo for breach of the last chance agreement by assaulting a coworker and failing to timely provide the agency with medical documentation required by the agreement. He appealed his removal to the Board, and the agency moved to dismiss for lack of jurisdiction. The AJ found that Mr. Ilardo had expressly waived his appeal rights to the Board as to both the original removal charge and the allegation of breach, and he did so knowingly and voluntarily. Because Mr. Ilardo had not alleged a nonfrivolous allegation of bad faith by the agency, the AJ dismissed the appeal for lack of jurisdiction.
 
 
 4
 Mr. Ilardo argues that his alleged assault of a coworker and his failure to file medical documentation with the agency were not breaches of the settlement agreement with the agency. However, pursuant to the agreement, Mr. Ilardo waived his right to appeal any breach of that agreement. A settlement agreement is a contract which is interpreted as a matter of law. Greco v. Department of Army, 852 F.2d 558, 560 (Fed.Cir.1988). The language of the agreement that Mr. Ilardo "waives further appeals of this action or any further action caused by a violation of any of the above terms" is unambiguous and waives Mr. Ilardo's right to appeal his removal.
 
 
 5
 In McCall v. United States Postal Service, 839 F.2d 664, 666-67 (Fed.Cir.1988), we concluded that, where an employee knowingly and voluntarily waives his appeal rights, an agency may enforce the waiver provided the agency acts in good faith. In Stewart v. United States Postal Service, 926 F.2d 1146, 1148-49 (Fed.Cir.1991), we held that if the language of a last chance agreement provides for a waiver of an employee's right to challenge the validity of his original removal, but fails to expressly waive appeal rights as to breach of the agreement, an employee will, upon raising a nonfrivolous allegation of noncompliance with the agreement, be entitled to petition the Board for review of that issue. See also Clark v. United States Postal Serv., 989 F.2d 1164 (Fed.Cir.1993).
 
 
 6
 Unlike the situation in Stewart, Mr. Ilardo signed a total waiver of appeal rights, including the right to challenge a breach. Additionally, he has failed to make a nonfrivolous claim that the agency acted arbitrarily or in bad faith in removing him for violating the agreement. Mr. Ilardo's coworker filed a claim that Mr. Ilardo had punched him; the agency determined that to be an abusive act in violation of his settlement agreement. Thus, the Board did not have jurisdiction to review Mr. Ilardo's removal.
 
 
 7
 Mr. Ilardo also contends that he did not understand that he was waiving his rights when he signed the settlement agreement. Although he may have been dissatisfied with his union representative in providing assistance, Mr. Ilardo was bound by his representative's actions. See Asberry v. United States Postal Serv., 692 F.2d 1378, 1381 (Fed.Cir.1982). Mr. Ilardo's claims of intimidation, depression, and financial distress do not negate the voluntariness of his agreement to settle his proposed March 1991 removal. A party challenging a settlement agreement bears the burden of proving that it is invalid. Id. at 1380. Mr. Ilardo has not met this burden.
 
 
 8
 Under these circumstances we cannot say that the Board's decision was (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1988).